UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ANDREW DWIGHT KNODE,<br><br>Plaintiff,<br><br>vs.<br><br>OFFICER SGT. MONTY ROTHENBERGER, individual and official capacity; OFFICER KYLER PEKAREK, individual and official capacity; OFFICER JOSEPH ERICKSON, individual and official capacity; ERICH K. JOHNKE, Assistant Yankton County State's Attorney, individual and official capacity; DANIEL L. FOX, Yankton County Public Defender, individual and official capacity; KENT E. LEHR, Hutchinson County Public Defender, individual and official capacity; YANKTON POLICE DEPARTMENT; CITY OF YANKTON, SOUTH DAKOTA; and COUNTY OF YANKTON, SOUTH DAKOTA,<br><br>Defendants. | 4:22-CV-04148-KES<br><br>ORDER DENYING PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT AND MOTION TO AMEND COMPLAINT |

Plaintiff, Andrew Dwight Knode, who was an inmate at the Rapid City Minimum Center,[1] filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. This court granted Knode leave to proceed in forma pauperis and ordered him to pay an initial filing fee. Docket 8. After Knode paid his initial

---

[1] Knode has informed the Clerk of Court that he has been released from prison and provided an updated address. Docket 21.

filing fee, the court screened Knode's complaint under 28 U.S.C. § 1915A. Docket 17. None of Knode's claims survived screening, and his complaint (Docket 1) was dismissed with prejudice in part and without prejudice in part under 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2). Docket 17 at 19–20; Docket 18. Knode has filed a Rule 59(e) motion to alter or amend the court's judgment. Docket 20. Knode has also filed a motion for leave to amend his complaint. Docket 19. For the reasons set forth below, Knode's motions are denied.

**I.      Rule 59(e) Motion to Alter or Amend Judgment**

Rule 59(e) of the Federal Rules of Civil Procedure provides that a party may move to "alter or amend a judgment . . . no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The judgment against Knode was entered on April 28, 2023. Docket 18. Although a pleading filed by a pro se prisoner is deemed to be filed as of the date the prisoner delivered it to prison authorities for mailing, *Houston v. Lack*, 487 U.S. 266, 270 (1988), Knode has not submitted any evidence that he delivered his Rule 59(e) motion to prison authorities on or before May 26, 2023. Knode's Rule 59(e) motion is dated May 30, 2023 (Docket 20 at 11), and it was postmarked on May 31, 2023 (*id.* at 12). Because Knode's Rule 59(e) motion was not timely filed, it is denied. *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 743 (8th Cir. 2014) (stating that a district court lacks jurisdiction over an untimely Rule 59(e) motion).

2

## II.     Rule 60(b) Motion for Relief from Judgment

Knode did not file a Rule 60(b) motion seeking relief from the court's April 28, 2023, judgment. But because pro se filings are to be liberally construed, *Smith v. Hundley*, 190 F.3d 852, 854 n.7 (8th Cir. 1999), the court will construe Knode's untimely Rule 59(e) motion as a motion seeking relief under Rule 60(b). Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding" for six enumerated reasons. Fed. R. Civ. P. 60(b). In *Kemp v. United States*, 596 U.S. 528, 535 (2022), the United States Supreme Court held that the term "mistake" in Rule 60(b)(1), which provides for relief from a final judgment or order because of "mistake, inadvertence, surprise, or excusable neglect[,]" includes "legal errors made by judges."  The Supreme Court also clarified that relief under Rule 60(b)(6), the catchall provision, "is available only when Rules 60(b)(1) through (b)(5) are inapplicable." *Id.* at 533 (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988)).

In his Rule 59(e) motion, Knode asserts that the court erred in dismissing some of his claims as time-barred because the claims did not accrue until his criminal prosecution was favorably terminated on October 29, 2019. Docket 20 at 8, 9, and 11. Knode also argues that the court erred in dismissing his claims against his public defenders on the ground that they were acting under color of state law. *Id.* at 9–10. Finally, Knode contends that the court "misinterpreted the law when it dismissed [his] claim against the Yankton Police Department." *Id.* at 10. Because Knode's motion is based upon

3

alleged legal errors made by the court, the court construes Knode's motion under Rule 60(b)(1).

### A. The court did not err in dismissing Knode's claims as time-barred.

Knode's complaint alleges that defendants Rothenberger, Pekarek, and Erickson violated his Fourth Amendment right to be free from unreasonable searches and seizures when they searched his and his girlfriend's home on February 1, 2018. Docket 1 at 12–17. The court dismissed Knode's unreasonable search and seizure claim as time-barred. Docket 17 at 8–10. The court also dismissed as time-barred Knode's § 1983 conspiracy claims against Rothenberger, Pekarek, and Erickson because Knode "makes no allegations of a conspiracy involving Rothenberger, Pekarek, and Erickson other than their actions on February 1, 2018." *Id.* at 12 (citing Docket 1 at 6–25). Relying on *McDonough v. Smith*, 139 S. Ct. 2149 (2019), Knode argues that his § 1983 claims did not accrue until October 29, 2019, when the criminal prosecution arising out of the allegedly unconstitutional search and seizure was favorably terminated. Docket 20 at 1–9.

While Knode is correct that the Supreme Court held in *McDonough* that a § 1983 fabricated-evidence claim is analogous to the common-law tort of malicious prosecution and does not accrue until the underlying criminal proceedings have been resolved in favor of the § 1983 plaintiff, 139 S. Ct. at 2158, Knode does not assert a fabricated-evidence claim. Knode's complaint alleges a violation of his Fourth Amendment right to be free from unreasonable searches and seizures. In *Martin v. Julian*, 18 F.4th 580, 583 (8th Cir. 2021),

4

the Eighth Circuit reiterated that "[a] cause of action for unlawful seizure of property accrues at the time of the seizure." (citing *Kaster v. Iowa*, 975 F.2d 1381, 1382 (8th Cir. 1992) (per curiam)); *see also Smith v. Travelpiece*, 31 F.4th 878, 886–88 (4th Cir. 2022) (holding that a § 1983 claim alleging a search and seizure in violation of the Fourth Amendment accrues at the time of the unlawful search). Knode's motion to alter or amend the order dismissing his Fourth Amendment and § 1983 conspiracy claims against defendants Rothenberger, Pekarek, and Erickson is denied.

Knode alleges that defendant Rothenberger violated Knode's due process rights when Rothenberger denied CayCee Garland's request for counsel "while being questioned in a custodial interrogation/detainment/seizure situation." Docket 1 at 6. Knode's due process claim against Rothenberger for the denial of Garland's right to counsel was dismissed with prejudice as time-barred. Docket 17 at 19. The court denies Knode's motion to alter or amend its order dismissing this claim. But it is not necessary to consider when this claim accrued because the claim was properly dismissed even if it is not time-barred. Knode cannot bring a § 1983 action based on an alleged violation of Garland's right to counsel. It is a "well-settled principle that a section 1983 claim must be based upon the violation of plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990) (citations omitted) (holding that son had no liberty interest to be free of emotional trauma suffered from observing allegedly excessive police force which was directed entirely at his father); *Coon v. Ledbetter*, 780 F.2d 1158, 1160–61

5

(5th Cir. 1986) (holding that a wife who witnessed sheriff deputies shoot at and wound her husband had no constitutional claim for emotional injuries); *see also Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (stating that prisoner lacked standing to seek an injunction against mistreatment of other prisoners).

### B. The court did not err in dismissing Knode's claims against his public defenders.

The court dismissed Knode's intentional misconduct claims against Fox and Lehr, public defenders employed by Yankton and Hutchinson County, respectively, on the grounds the United States Supreme Court has held that public defenders do not act under color of state law when performing traditional functions of a lawyer while defending a client in a criminal proceeding. Docket 17 at 16 (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981)). Relying on *Tower v. Glover*, 467 U.S. 914 (1984), Knode contends that the court erred in dismissing his claims against Fox and Lehr because they "conspire[d] with the prosecution to prevent Knode's discovery of exculpatory evidence in an attempt to secure his conviction[.]" Docket 20 at 9–10. In *Tower*, 467 U.S. at 923, the Supreme Court recognized an exception to the general rule that public defenders do not act under color of state law and are immune from liability under § 1983 where public defenders engage in intentional misconduct through alleged conspiratorial action with state officials to deprive clients of federal rights. But allegations of conspiratorial action must be made with sufficient specificity and factual support so as to suggest a "meeting of the

minds." *Deck v. Leftridge*, 771 F.2d 1168, 1170 (8th Cir. 1985) (per curiam) (quoting *Smith v. Bacon*, 699 F.2d 434, 436 (8th Cir. 1983)). It is not enough for a plaintiff to make only conclusory allegations of a conspiracy. *Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988); *see also Johnson v. Esry*, 210 F.3d 379 (8th Cir. 2000) (per curiam) (affirming dismissal of § 1983 claims against a public defender because the conspiracy allegations were conclusory). Knode's complaint does not allege any facts that would support a meeting of the minds between his public defenders and the prosecution. Knode's request that the court alter or amend its order dismissing his claims against Fox and Lehr is denied.

### C. The court did not err in dismissing Knode's claims against the Yankton Police Department.

The court dismissed Knode's claims against the Yankton Police Department because the Eighth Circuit Court of Appeals has held that police departments are not suable entities under 42 U.S.C. § 1983. Docket 17 at 16 (citing *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992)). Knode argues that he has "provided enough factual details to raise a claim under *Monell*." Docket 20 at 10. As discussed below, the court disagrees that Knode has alleged sufficient facts to establish a claim under *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978).[2] But whether Knode has established sufficient facts to establish a *Monell* claim is a different issue than whether the

---

[2] Knode alleges that the "Yankton Police Department has perpetuated a custom, policy, culture, and/or tradition of violating individual's rights. Corruption permeates through the Yankton Police Department at every level." Docket 1 at 3; *see also id.* at 18, 20, 24.

7

Yankton Police Department is a suable entity. Even if Knode had alleged sufficient facts to establish a *Monell* claim against the Yankton Police Department, this court must follow the Eighth Circuit's case law that expressly provides that police departments are not suable entities under § 1983. Knode's request that the court alter or amend its order dismissing Knode's claims against the Yankton Police Department is denied.

>   **D.      The court did not err in dismissing Knode's claim against the City of Yankton.**

The court dismissed Knode's claim against the City of Yankton as time-barred. Docket 17 at 19. Knode's claim against the City of Yankton arises out of the allegedly unlawful search and seizure Yankton police officers Rothenberger, Pekarek, and Erickson conducted on February 1, 2018. *Id.* A § 1983 claim for unlawful search and seizure accrues at the time of the search and seizure. *See Martin*, 18 F.4th at 583; *Smith*, 31 F.4th at 888. Thus, the court did not err in dismissing the claim as time-barred. Further, Knode makes no allegation that his rights were violated by an official City of Yankton policy. *See* Docket 1 at 6–17. His conclusory allegation that the City of Yankton "has perpetuated a custom, policy, culture, and/or tradition of violating individual's rights[, and] [c]orruption permeates through the City of Yankton at every level[,]" Docket 1 at 3, does not support a finding of a "continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees" and "deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the

officials of that misconduct[.]" *Brewington v. Keener*, 902 F.3d 796, 801 (8th Cir. 2018) (quoting *Corwin v. City of Independence*, 829 F.3d 695, 700 (8th Cir. 2016)). Knode's motion to alter or amend the order dismissing his claim against the City of Yankton is denied.

### III. Motion for Leave to Amend the Complaint

Along with his Rule 59(e) motion, Knode filed a motion for leave to amend his complaint to "add crucial information to his complaint to help further articulate his claims[.]" Docket 19 at 1. Knode did not attach a copy of the proposed amended complaint to his motion to amend as required by D.S.D. Civ. LR 15.1. *See* Docket 19. Because Knode's motion to amend does not comply with the District of South Dakota's Civil Local Rules of Practice, it is denied. *See Ellis v. City of Minneapolis*, 518 F. App'x 502, 504–05 (8th Cir. 2013) (per curiam) (citations omitted) (holding that a district court does not abuse its discretion in denying leave to amend when the party seeking leave has failed to attach a proposed amended complaint in accordance with a local court rule of procedure); *U.S. ex rel. Raynor v. Nat'l Rural Utils. Coop. Fin., Corp.*, 690 F.3d 951, 958 (8th Cir. 2012) (same).

Thus, it is ORDERED:

1. That Knode's Rule 59(e) motion to alter or amend judgment (Docket 20) is denied.

2. That Knode's motion for leave to amend complaint (Docket 19) is

denied.

Dated November 16, 2023.

                                BY THE COURT:

                                /s/ *Karen E. Schreier*
                                KAREN E. SCHREIER
                                UNITED STATES DISTRICT JUDGE